IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gregory Scott Harrelson, ) | Civil Action No. 4:10-02048-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Stride Rite Children's Group, LLC, ) | **OPINION AND ORDER** |
| f/k/a Stride Rite Children's Group, ) | |
| Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter arises out of an incident wherein the employment of Plaintiff Gregory Scott Harrelson ("Plaintiff") was terminated after an accusation that he intentionally exposed himself to an employee of Defendant Stride Rite Children's Group, LLC, f/k/a Stride Rite Children's Group, Inc. ("Defendant"). Plaintiff filed this action against Defendant alleging state law claims for tortious interference with contract and defamation. (ECF No. 1-1.)

This matter is before the court on Defendant's motion for partial summary judgment, in which motion Defendant fails to provide any evidence in support of its arguments. (See ECF No. 24.) Plaintiff asserts that he has submitted evidence demonstrating a genuine issue for trial regarding whether Defendant intentionally interfered with his contract of employment. (ECF No. 26.) For the reasons set forth below, the court **DENIES** Defendant's motion for partial summary judgment.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts as viewed in the light most favorable to Plaintiff are as follows. Plaintiff was an employee for United Parcel Service, Inc. ("UPS") for approximately fifteen years. (ECF No.

1-1, ¶ 4.) On August 4, 2008, Plaintiff was called upon to deliver packages to Defendant's store located at the Tanger Outlet Mall in Myrtle Beach, South Carolina. (ECF No. 1-1, ¶ 5.) After he finished transporting the packages from his UPS truck into Defendant's store, Plaintiff went to use the bathroom. (ECF No. 1-1, ¶ 6.) Upon exiting the bathroom, Plaintiff walked near Defendant's employee, Laura Hodge ("Hodge"), who informed Plaintiff that his zipper was down. (ECF No. 1-1, ¶¶ 7-8.) At that time, Plaintiff turned, zipped his zipper, and obtained Hodge's signature to confirm delivery of the packages. (ECF No. 26-4, p. 3.) Plaintiff then exited Defendant's store. (ECF No. 26-4, p. 4.)

After Plaintiff left Defendant's store, Hodge contacted Defendant's store manager and district manager and complained that Plaintiff had indecently exposed himself to her. (ECF No. 26-1, p. 2.) Hodge was instructed by Defendant's managers to call UPS and the police, which she did.[1] (ECF No. 26-1, p. 1; ECF No. 26-4, pp. 6-8.) Hodge's complaint to UPS resulted in the company terminating Plaintiff's employment. (ECF No. 1-1, ¶ 11; ECF No. 26-4, p. 2.)

After his termination, Plaintiff filed a summons and complaint against Defendant in the Court of Common Pleas of Horry County, South Carolina on July 8, 2010. (ECF No. 1-1.) Plaintiff alleges that Defendant knew he had a contractual relationship with UPS, that Defendant intentionally interfered with that employment contract by wrongfully accusing him of indecent exposure and caused him to be fired from his job at UPS. (Id. at ¶¶ 10, 11.) Plaintiff further asserts that he has suffered financial damages as a result of the Defendant's action. (Id. at ¶ 13.)

On August 5, 2010, Defendant removed the case to the United States District Court for the District of South Carolina and filed its answer on August 8, 2010. (See ECF Nos. 1 & 6.)

---

[1] The responding police officer performed an investigation by interviewing Hodge and the Plaintiff. (ECF No. 26-2, p. 2.) The police officer presented his investigation to a magistrate. (ECF No. 26-2, p. 3.) The magistrate found the accusation of indecent exposure had no probable cause and administratively closed the case. (Id.)

2

After the completion of discovery, Defendant moved on August 15, 2011, for partial summary judgment pursuant to Fed. R. Civ. P. 56. (ECF No. 24.) Plaintiff filed opposition to Defendant's motion for partial summary judgment on August 31, 2011, to which Defendant filed a reply in support of summary judgment on September 12, 2011. (ECF Nos. 26 & 27.)

## II.     LEGAL STANDARD AND ANALYSIS

### A.     Standard

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of

Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. The Community College of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec.9, 2009).

"The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages." Camp v. Springs Mortg. Corp., 426 S.E.2d 304, 305 (S.C. 1993). "[A]n action for tortious interference protects the property rights of the parties to a contract against unlawful interference by third parties." Threlkeld v. Christoph, 312 S.E.2d 14, 15 (S.C. Ct. App.1984). "[T]he alleged act of interference must influence, induce, or coerce one of the parties to the contract to abandon the relationship or breach the contract. Bocook Outdoor Media, Inc. v. Summey Outdoor Adver., Inc., 363 S.E.2d 390, 394 (S.C. Ct. App. 1987).

**B.     Plaintiff's Claim for Tortious Interference with Contract**

Defendant did not submit any evidence to support its grounds for summary judgment. Rather, Defendant submitted only a brief and a reply brief in support of summary judgment asserting its position without attaching any of the exhibits referenced in these documents. (See ECF Nos. 24 & 27.) Legal memoranda, in the summary judgment context, are not evidence and do not support a finding that there is no genuine issue for trial. See Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) (counsel's statements are not evidence); Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) (legal memoranda and oral argument are not evidence); Gans v. Gray, 612 F. Supp. 608, 619 (E.D.Pa.1985) (mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for

summary judgment); see also Brisbane v. Dewitt, 2006 WL 3541858, at *2 n. 3 (D.S.C. Dec. 7, 2006). Accordingly, Defendant cannot meet its burden of establishing that no genuine issue of material fact remains as to Plaintiff's claim for tortious interference with contract. Therefore, summary judgment as to this claim is inappropriate and Defendant's motion in this respect must be denied.

### III.    CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** the motion for partial summary judgment of Defendant Stride Rite Children's Group, LLC, f/k/a Stride Rite Children's Group, Inc. regarding Plaintiff's claim for tortious interference with contract. (ECF No. 24.)

**IT IS SO ORDERED**.

*J. Michelle Childs*

J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

March 5, 2012
Columbia, South Carolina